### LOEB & SCHOENFELD v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1905.)

No. 3,341.

1. CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERY COTTONS.

Thread or yarn used chiefly for machine embroidering *held* to be within the provision for "embroidery cottons," in paragraph 303, Schedule I, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1056.]

2. SAME—EVIDENCE—COMMERCIAL DESIGNATION.

*Held* that testimony that thread used in machine embroidering was not "embroidery cottons" was insufficient, where it appeared that the witnesses had never seen the thread or yarn used in machine embroidery, and had no familiarity with the article in question.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

Charles Duane Baker, Asst. U. S. Atty.

PLATT, District Judge. This case presents only one question, and that is whether the merchandise was properly classified by the collector as "embroidery cotton," under Act July 24, 1897, c. 11, § 1, Schedule I, par. 303, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656] or whether it should have been placed, as the importers contend, under paragraph 302 (30 Stat. 175 [U. S. Comp. St. 1901, p.

1655]) as cotton thread or carded yarn. The collector's assessment was undoubtedly right upon the facts which appeared before him, and, of course, should be sustained unless the importers presented testimony enough before the board, or since the board's decision before the court, to take the merchandise out of the classification adopted.

The importers attempted to show before the board through testimony of experts that the merchandise in question was, prior to the enactment of the present tariff act, not an article commercially known as "embroidery cotton." The main difficulty with the testimony is that the witnesses had gained their information about embroidery cotton by buying and selling it in the department stores and elsewhere. It is therefore quite natural that they should never have seen or have known anything about cotton thread or yarn used for machine embroidery, and their evidence really shows that they had no familiarity with the article in question. The same thought applies when we look at the testimony taken in the Circuit Court.

It is very plain that the chief use to which this merchandise was put was that of embroidery cotton in connection with machines. The case would therefore seem to be controlled by Magone v. Wiederer, 159 U. S. 555, 16 Sup. Ct. 122, 40 L. Ed. 258, as stated by the Board of General Appraisers; and I cannot find that the testimony taken in this court serves to change the situation.